Reversed and Rendered and Opinion filed January 27, 2004















Reversed and
Rendered and Opinion filed January 27, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-03-00174-CV

_______________

 

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

 

V.

 

JESUS SALVADOR RODRIGUEZ, Appellee

___________________________________________________

 

On Appeal from the County Civil Court
at Law No. 4

Harris County, Texas

Trial Court
Cause No. 783,746

___________________________________________________

 

O P I N I O N

 

            In this concealed handgun license
revocation case, the Texas Department of Public Safety (“DPS”) appeals a
judgment in favor of Jesus Salvador Rodriguez on the ground that the trial
court erred in reversing the DPS’s revocation of
Rodriguez’s handgun license (the “license”) after he was convicted of reckless
driving.  We reverse and render judgment
in favor of DPS.

            Rodriguez was convicted of reckless
driving (the “conviction”) pursuant to a no contest plea and assessed a fine of
$500.  Based on this conviction, DPS
revoked Rodriguez’s handgun license. 
Rodriguez successfully challenged this revocation in a justice court,
and the county court below affirmed that decision on the ground that the
conviction was for a class C misdemeanor, as reflected in the judgment, rather
than a class A or B misdemeanor, as would be required to revoke the license.

            DPS’s sole
issue argues that the trial court erred in upholding the reversal of the
license revocation because the reckless driving offense for which Rodriguez was
convicted constitutes a class A misdemeanor for purposes of the Concealed
Handgun Act[1] (the
“Act”) and thus warranted the revocation.

            We review matters of statutory
construction de novo.  City of
San
 Antonio v. City of
Boerne, 111
S.W.3d 22, 25 (Tex.
2003).  If a statute’s meaning is
unambiguous, we generally interpret the statute according to its plain
meaning.  Id.

            With exceptions not applicable here,
a concealed handgun license may be revoked if the license holder becomes
ineligible for a license.  Tex. Gov’t Code Ann.
§ 411.186(a)(3) (Vernon Supp.
2004).  A person is not eligible to
obtain a license if, among other things, he has been convicted of a class A
misdemeanor.  See id. § 411.172(a)(8).  For
this purpose, an offense is a class A misdemeanor if it is not a felony and
confinement in a jail other than a state jail felony facility is affixed as a
possible punishment.  See id. § 411.172(b)(2).  The offense of reckless driving is
punishable, among other things, by confinement in county jail.  Tex. Transp. Code Ann. § 545.401(b)(2) (Vernon
1999).  Therefore, it is a class A
misdemeanor for purposes of the Act, the license was subject to revocation for
Rodriguez’s reckless driving conviction, and the revocation of the license
should not have been reversed.

            Rodriguez contends that the
classification of his conviction as a misdemeanor is, in effect, controlled for
all purposes by the “C” classification marked on the judgment and that failing
to treat it as such would amount to a collateral attack on the judgment.  We disagree.       First,
reckless driving is defined in the Transportation Code as a single misdemeanor
offense that has no further classifications. 
See Tex. Transp. Code Ann. §
545.401(b).  Thus, it is an offense that
is punishable by fine, jail confinement, or both for any conviction.  See id.  Therefore, it has no classification for
purposes of the conviction itself.

            To the extent this type of
misdemeanor must be further classified for
another purpose, such as the civil license revocation proceeding in this
case, enhancement of a subsequent criminal offense, or otherwise, that
classification must be determined under applicable law,[2] and we
know of no authority allowing a trial court to override that law to prescribe
an inapplicable classification for any other purposes (i.e., pursuant to a plea bargain) or to require the classification
of a misdemeanor to necessarily be the same for every purpose, civil and
criminal.  In this case, because the Act
expressly provides a definition of a class A misdemeanor for the specific
question before us, we are not at liberty to depart from it or apply another
definition that may pertain in a different context.  Accordingly, we reverse the trial court’s
judgment and render judgment reinstating the revocation of Rodriguez’s license
to carry a concealed handgun.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed January 27, 2004.

Panel
consists of Justices Edelman, Frost, and Guzman.

 

 











[1]           See Tex. Gov’t Code Ann.
§§ 411.171 - 411.208 (Vernon 1998 & Supp. 2004).





[2]           See, e.g., Tex. Pen. Code Ann. § 12.41 (Vernon 2003).